McKinney, J.,
delivered the opinion of the Court.
This cause was before us at a former term, but upon a different question from that now presented. See 9 Hum. 113.
The record shows, that upon each of the two executions, under which the plaintiffs in error attempted to justify, the justice issuing the saíne, made the following entry, under his hand and seal, viz: -4for the want of an officer, I do hereby deputize-Hampton, to execute the within process, and return it according to law.”
The justice who issued said executions was examined on the trial, and stated, that at the time of their issuance he did not know the Christian name of Hampton, who was not present: that he directed Knox, one of the plaintiffs in error, to get his father to fill up the blank by inserting the Christian name of Hampton : that William Hampton, whose name was afterwards inserted, was the person he intended to execute *72 the process : that the name was inserted in his absence, and he did not know by whom, and that he never afterwards ■saw the executions until their return to his office, after the levy and sale.
The special authority conferred on Justices of the Peace, by the act of 1741, ch. 5, sec. 9, to appoint a private person to execute process, “ in the absence of, or for want of a constable,” cannot be thus delegated, or exercised. If this were allowed, intolerable abuses and oppressions might be perpetrated by persons wholly irresponsible. In this case, the party interested might have delivered the process, contrary to the intention of the Justice, to any person of the same surname; and thus have procured its execution by a person wholly unfit to be trusted with the discharge of a duty, in many cases, highly responsible.
The appointment of the Justice as originally made by him, we think, was void for uncertainty.
Let the judgment be reversed.